IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| PATRICIA MATULL, § § **Plaintiff**, § v. § § MCCLANE EXPRESS, INC. d/b/a THE § C.D. HARTNETT CO. § § **Defendant**. § | CAUSE NO. _____ |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Patricia Matull hereby files this, her Original Complaint, against McClane Express, Inc., d/b/a The C.D. Hartnett Co., for violating federal law. The causes of action and summary of claims relating thereto are addressed below:

### I. PARTIES, JURISDICTION AND VENUE

1. Plaintiff Patricia Matull ("Plaintiff" or "Matull") is currently resides in Bexar County, Texas and has at all times material to this suit.

2. Defendant McClane Express, Inc., d/b/a The C.D. Hartnett Co., ("Defendant"), is a corporation authorized to do business, and is doing business, in the State of Texas. Defendant's U.S. corporate headquarters are located in Weatherford, Texas. Plaintiff worked for Defendant out of San Antonio, Texas. Defendant can be served through its registered agent C T Corporation System located at 1999 Bryan St., Ste. 900, Dallas, TX 75201.

3. This court has jurisdiction to hear the merits of Plaintiff's claims under 28 U.S.C. §§1331 & 1343. Venue exists in this district and division as detailed in 28 U.S.C. §1391, as Plaintiff's cause of action arose within this District and Division in that a substantial part of the

acts and omissions giving rise to the claims in this case occurred in this District.

4. Plaintiff filed a "Charge of Discrimination" with the Equal Employment Opportunity Commission ("EEOC") and the Texas Workforce Commission – Civil Rights Divisions ("TWC") on or about April 14, 2020, alleging that age discrimination. The EEOC issued a Notice of Right to Sue on August 14, 2020. This action was commenced within the time limits prescribed by the Age Discrimination in Employment Act ("ADEA"), as it was filed within ninety (90) days of receipt of the "Dismissal and Notice of Rights" issued by the EEOC.

## II.     FACTUAL BACKGROUND

5. Defendant is a grocery distributor, serving the convenience store and food service industries throughout Texas.

6. Matull was formerly employed by Defendant as a non-food merchandiser/driver from July 2002 to approximately July 11, 2019. During her employment, Matull lived and worked out of San Antonio, Texas.

7. At the time of her termination, Matull was 58 years old. Matull was fully qualified and capable of performing the job, as she had satisfactorily performed the position for years, with positive reviews and merit raises.

8. At some point in 2017 or 2018, Defendant hired a new Vice President of Sales, who was in charge of hiring and firing employees. Thereafter, the VP of Sales began making negative comments about Matull's age and the age of older co-workers. This included, but was not limited to, stating they were not as productive as they were when they were younger, stating that their work was not getting done properly in their old age, and asking when they were going

to retire. Matull had no intention of retiring and intended to keep working with Defendant for many years.

9. On or about July 11, 2019 – after seventeen (17) years of service – the VP of Sales came to Matull's home in San Antonio, Texas and terminated her employment with virtually no warning. The VP of Sales stated that Matull was terminated because the company had received a call-in complaint about her driving.  Prior to termination, Defendant failed to investigate the complaint, failed to contact the alleged caller, and Matull was not provided the opportunity to address the alleged complaint, which deviated from the company's policy. Matull denies that she was driving in an unsafe manner.

10. Defendant failed to follow its own policy with respect to call-in complaints and it failed to follow its policies on progressive discipline.  Additionally, many other younger employees had similar or more egregious driving infractions, and they were not terminated.

11. Following Matull's termination, Defendant replaced Matull with someone substantially younger. It is clear that Matull was terminated because of her age.

### III.   CAUSE OF ACTION

#### A. VIOLATION OF ADEA

12.  Plaintiff realleges and incorporates the allegations contained in Paragraphs 1 through 11 as if fully stated herein.

13. Plaintiff has satisfied all jurisdictional prerequisites in connection with her claim under the ADEA.

14. Defendant is an "employer" as defined by the ADEA.

15. Plaintiff is considered to be an "employee" as defined by the ADEA.

16. At the time that Plaintiff was an employee of Defendant, she was over the age of 40; thus, she was in a protected category as defined by the ADEA.

17. As described above, Defendant intentionally and willfully violated the ADEA by discriminating against Plaintiff because of her age. In essence, Defendant terminated Plaintiff because of her age.

18. As a result of Defendant's violations of the ADEA, Plaintiff has suffered actual damages in the form of lost wages and benefits (past and future), in an amount that has not yet been fully established, but which can be estimated for the purpose of bringing this lawsuit. Plaintiff has also suffered mental trauma, loss of enjoyment of life, and other recoverable damages.

19. As a result of these willful violations of the ADEA by Defendant, Plaintiff requests that he be awarded all liquidated and compensatory damages, to which he is entitled, equitable and/or injunctive relief, and attorney fees and costs.

## IV.   JURY DEMAND

Plaintiff requests trial by jury on all claims.

## V. PRAYER FOR RELIEF

Wherefore, Plaintiff requests that Defendant be cited to appear and answer, and that on final trial, Plaintiff have judgment against Defendant as follows:

a. Judgment against Defendant for actual damages, including lost wages and benefits (both back pay and front pay), the sum to be determined at time of trial;

b. Judgment against Defendant for liquidated damages in the maximum amount allowed by law;

c. An order that Defendant take such other and further actions as may be necessary to redress Defendant's violation of the ADEA, (including if appropriate injunctive relief allowing Plaintiff to interview and/or putting Plaintiff in the denied position);

d. Pre-judgment and post-judgment interest at the maximum amount allowed by law;

e. Costs of suit, including attorney's fees;

f. The award of such other and further relief, both at law and in equity, to which Plaintiff may be justly entitled, including compensatory damages.

Respectfully submitted by:

/s/ Megan Dixon
**Megan Dixon**
Texas Bar No. 24079901
**Braziel Dixon, LLP**
1910 Pacific Ave., Ste. 12000
Dallas, Texas 75201
Telephone: (214) 749-1400
Facsimile: (214) 749-1010
**ATTORNEYS FOR PLAINTIFF**